# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**H&E EQUIPMENT SERVICES, INC.**                      **CIVIL ACTION**

**VERSUS**

                                                      **NO. 21-246-BAJ-SDJ**

**LEVIATHAN CORPORATION, ET AL.**

      Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

      ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

      Signed in Baton Rouge, Louisiana, on December 27, 2021.

 

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**H&E EQUIPMENT SERVICES, INC.**                    **CIVIL ACTION**

**VERSUS**
                                                     **NO. 21-246-BAJ-SDJ**
**LEVIATHAN CORPORATION, ET AL.**

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Before the Court is a *Motion to Remand* filed by Plaintiff, H&E Equipment Services, Inc.[1] Defendants, Leviathan Corporation and Michelin North America, Inc., oppose the motion.[2] Defendants have not established the requisite amount in controversy, and it is recommended[3] that this matter be remanded to the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

I.    **BACKGROUND**

This is a civil action involving claims for damages for the sale of allegedly defective tires for use on a rigid dump truck at a room-and-pillar salt mine.[4] Plaintiff claims that it purchased a "set of six Michelin brand X Quarry S Tires for a total of $39,000,"[5] the tires were installed on a rigid dump truck and delivered to Plaintiff's customer, and the customer reported "tread chunking, in which large pieces of the tire were coming off."[6] On March 17, 2021, Plaintiff filed a Petition for Damages against Leviathan and Michelin in the Nineteenth Judicial District Court for the

---

[1] R. Doc. 5.
[2] R. Docs. 6, 7.
[3] *See, e.g.*, *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) ("[A] motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review.")
[4] *See, generally*, R. Doc. 1-2.
[5] *Id.* at ¶ 15.
[6] *Id.* at ¶ 18.

Parish of East Baton Rouge, State of Louisiana.[7] Plaintiff seeks damages under Louisiana law for breach of warranty for particular use, breach of duty by selling tires inadequate for their intended purpose, redhibition, and Louisiana Products Liability Act.[8] Michelin and Leviathan filed a *Notice of Removal* on April 27, 2021, asserting federal subject matter jurisdiction under 28 U.S.C. § 1332.[9] The *Notice of Removal* makes it clear that all parties are completely diverse.[10] Plaintiff filed a *Motion to Remand* on May 26, 2021, contending the requisite $75,000 amount in controversy is not satisfied.[11]

## II.    LAW AND ANALYSIS

### A.    Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[12] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[13] Subject matter jurisdiction must exist at the time of removal to federal court based on the facts and allegations contained in the complaint.[14] The removal statute, 28 U.S.C. § 1441, is strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand.[15]

---

[7] *Id*.

[8] *Id*.

[9] R. Doc. 1.

[10] Plaintiff is a citizen of Louisiana and Delaware; Michelin is a citizen of South Carolina; Leviathan is a citizen of New York (R. Doc. 1). The Plaintiff does not dispute diversity of citizenship (R. Doc. 5).

[11] R. Doc. 5.

[12] 28 U.S.C. § 1441(a).

[13] 28 U.S.C. § 1332(a)-(a)(1).

[14] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

[15] *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."); *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). ("Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'"); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (*quoting In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).

The removing party has the burden of proving federal diversity jurisdiction.[16] Remand is proper if at any time the court lacks subject matter jurisdiction.[17]

### B. The Removing Defendants Fail to Establish, by a Preponderance of the Evidence, that the Amount in Controversy Likely Exceeds $75,000, Exclusive of Interest and Costs

Louisiana law prohibits plaintiffs from specifying a monetary amount of damages in their state court petitions.[18] When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.[19] The removing party may make this showing either: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'"[20] Once a removing defendant has established, by a preponderance, that the amount in controversy exceeds the federal jurisdictional amount, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."[21]

It is not facially apparent from the Petition that Plaintiff's claims likely exceed the federal jurisdictional amount. Plaintiff demands "all damages to which Plaintiff is entitled (including without limitation, a return of the purchase price of the tires with interest from the time it was paid, and the reimbursement of the reasonable expenses occasioned by the sale and any expenses incurred for preservation of the thing); costs and pre- and post-judgment interest; reasonable

---

[16] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[17] *See* 28 U.S.C. § 1447(c).
[18] La. Code Civ. P. art. 893(A)(1); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).
[19] *Luckett*, 171 F.3d at 298 (*citing De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).
[20] *Luckett*, 171 F.3d at 298 (*quoting Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).
[21] *De Aguilar*, 47 F.3d at 1412.

attorney fees; and any other relief to which Plaintiff is entitled."[22] The only amount of damages specified in the Petition is the purchase price of the tires, $39,000.[23]

Defendants argue that Plaintiff's claim for attorney fees pursuant to La. Civ. Code art. 2545 should be considered when determining the amount in controversy.[24] "Generally, attorneys' fees are not considered a part of the amount in controversy because the successful party does not typically collect his attorneys' fees."[25] "However, when attorneys' fees are provided by contract or a statute mandates or allows payment of such fees, attorneys' fees are considered part of the amount in controversy for jurisdictional purposes."[26] Here, Defendants correctly point out that under La. Civ. Code art. 2545, expressly cited in Plaintiff's Petition,[27] attorney fees may be awarded. Defendants submit no evidence to substantiate their argument that the Plaintiff's claim for attorney fees in this case meets the requisite amount in controversy, merely stating "it is very likely that the attorney fees alone in this proceeding could satisfy the amount in controversy threshold."[28]

"Though it is possible [plaintiff] could recover unspecified damages and a generous attorneys' fees award, mere possibility it not enough. The burden is on [Defendant] to establish that it is more likely than not that the total amount in controversy exceeds $75,000, and any doubt about the propriety of removal must be resolved in favor of remand."[29] Here, because the only specified amount of damages Plaintiff has placed at issue is $39,000, and there is no information (other than Defendant's speculation) regarding the amount of attorney fees potentially recoverable,

---

[22] R. Doc. 1-2, p. 8.
[23] *Id*. at ¶ 15.
[24] R. Doc. 6, p. 4, R. Doc. 7.
[25] *Kent Materials, LLC v. Dirt Works, Inc.*, Civil Action no. 16-194, 2016 WL 4650073, at * 5 (M.D. La. Aug. 11, 2016) (quoting *Quebe v. Ford Motor Co.*, 908 F. Supp. 446, 449 (W.D. Tex. 1995) (citations omitted) ).
[26] *Id. See also*, *Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981).
[27] R. Doc. 1-2, ¶ 41, 46.
[28] R. Doc. 6, p. 5.
[29] *Coburn v. International Paper Co.*, Civil Action No. 12-2163, 2013 WL 4776481, at * 2 (W.D. La. Sept. 4, 2013).

4

Defendant has not satisfied its burden to establish by a preponderance that the amount in controversy likely exceeds $75,000, exclusive of interest and costs.[30]

Any doubt as the existence of subject matter jurisdiction is resolved in favor of remand.[31] The amount in controversy is not facially apparent from the Petition, and Defendants have not met their burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs.[32] Accordingly, the undersigned recommends that this matter be remanded to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.[33]

---

[30] Defendants argue that Plaintiff's refusal to stipulate to its damages do not exceed the jurisdictional amount is evidence of the amount in controversy. However, there is ample authority that while refusal to stipulate is entitled to some consideration, it is not dispositive of amount in controversy. *See, Johnson v. Petsmart, Inc.,* 2017 WL 360265, at *5 (E.D. La. Jan. 25, 2017) *; Aldrich v. DBP Holding Corp.*, 2014 WL 2215707 (E.D. La. May 28, 2014) (plaintiff's failure to stipulate damages 'is not conclusive evidence that a claim exceeds $75,000'); *see also Carbajal v. Caskids Oil Operating Co.*, 2006 WL 1030392 (E.D. La. Apr. 18, 2006); *Buchana v. Wal-Mart Stores, Inc.*, 1999 WL 1044336 at *3 (E.D. La. Nov. 17, 1999) ('Although some courts have considered failure to stipulate in deciding whether to remand, courts in this district and others have found that factor alone does not satisfy a defendant's burden.').").

[31] *Gasch*, 491 F.3d at 281-82. *See also Manguno*, 276 F.3d at 723 ("[A]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.").

[32] "Because Defendant has not shown by a preponderance of the evidence that the amount in controversy likely exceeds the jurisdictional amount, the Court has no need to consider whether Plaintiffs can show to a legal certainty that they will not be able to recover in excess of that amount." *Medina v. Allstate Vehicle and Property Insurance Company,* 458 F. Supp. 3d 591, 601 (W.D. Tex. May 1, 2020).

[33] Plaintiff's claims in this case assert violations of state law; therefore, this Court does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331.

**III.    RECOMMENDATION**

As doubts about the propriety of removal are resolved in favor of remand, it is the recommendation of the Magistrate Judge that this matter be **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on December 27, 2021.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**