UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

H&E EQUIPMENT SERVICES, INC.                CIVIL ACTION

VERSUS

LEVIATHAN CORPORATION,                      NO. 21-00246-BAJ-SDJ
ET AL.

### RULING AND ORDER

Before the Court is Plaintiff's **Motion to Remand. (Doc. 5).** The Motion is opposed. (Doc. 6; Doc. 7). Plaintiff filed a Reply Brief. (Doc. 10). The Magistrate Judge issued a **Report and Recommendation,** recommending that the Court grant Plaintiff's Motion to Remand. (Doc. 14). The Magistrate Judge further recommends that the Court remand the above-captioned matter to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, for lack of subject matter jurisdiction. (Doc. 14). Defendants Leviathan Corporation, d/b/a OTRUSA.com ("OTRUSA") and Michelin North America, Inc. ("MNA") object to the Report. (Doc. 15; Doc. 16). Plaintiff replied to Defendants' Objections. (Doc. 17).

This case arises out of the sale of allegedly defective tires. (*See* Doc. 1-2; Doc. 14, p. 2). The Magistrate Judge recommended remand because Defendants failed to establish the requisite amount in controversy by a preponderance of the evidence. (Doc. 14, p. 4). Defendants object to the Report and ask the Court to find that Defendants have demonstrated the requisite amount in controversy. (Doc. 15, p. 6).

1

19th JDC - Certified

The Court has articulated the removing Defendants' burden of proof in establishing the amount in controversy as follows:

> The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $ 75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. If the defendant can produce evidence sufficient to show by a preponderance, *i.e.*, summary judgment-type evidence, that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $ 75,000.

*Zito v. J.C. Penney Servs., L.L.C*, No. CV 18-684-JWD-EWD, 2019 WL 2396176, at *4 (M.D. La. Jan. 22, 2019), *report and recommendation adopted sub nom. Zito v. J.C. Penney Servs., L.L.C.*, No. CV 18-684-JWD-EWD, 2019 WL 2374878 (M.D. La. Feb. 22, 2019).

Here, the Magistrate Judge found that it is not facially apparent from the Petition that Plaintiff's claims will likely exceed $75,000 because the only amount of damages specified in the Petition is the purchase price of the tires, $39,000. (Doc. 14, p. 4–5). MNA asks the Court to look to Plaintiff's remaining claims, particularly Plaintiff's damage to "customer relationship" claim, to find that the amount in controversy is met. (Doc. 15, p. 3–4). MNA argues that "it may be **assumed** that [Plaintiff] will not be able to sell its customer another set of tires adding at least another $39,000 to [Plaintiff's] damages." (*Id.* at p. 4 (emphasis added)). MNA asks the Court to combine this "assumed" $39,000 cost in damage to Plaintiff's customer relationship with the $39,000 purchase price of the tires to find that Plaintiff's

claimed damages will likely exceed $75,000.[1] (*Id.*). MNA's assumption is simply insufficient to render it "facially apparent" from the face of the Petition that the amount in controversy is met.[2]

In situations where the amount in controversy is not facially apparent from the Petition, "the [C]ourt may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Harrison v. Ace Am. Ins. Co.*, No. CV 21-245-JWD-SDJ, 2021 WL 6331969, at *3 (M.D. La. Dec. 14, 2021), *report and recommendation adopted*, No. CV 21-245-JWD-SDJ, 2022 WL 71857 (M.D. La. Jan. 6, 2022) (citing *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (additional citations omitted)). Here, because it is not facially apparent from the Petition that Plaintiff's damages will exceed the federal jurisdictional amount, the Court must next consider whether Defendants have met their burden of proving, through summary judgment-type evidence, that the amount in controversy in this case is likely to exceed $75,000. The Court finds that Defendants have failed to meet their burden.

MNA argues that this case will lead to significant attorney's fees, which the Court should consider when determining whether the amount in controversy has

---

[1] The Court acknowledges that the number of claims asserted by Plaintiff *could* exceed $75,000; however, "could" in this context indicates or refers to a "possibility," whereas the "more likely than not standard" means "probability." *See Lopez v. Allstate Texas Lloyd's*, No. 3:16-CV-2294-L, 2017 WL 1550520, at *4 (N.D. Tex. Apr. 28, 2017).

[2] If MNA posited this assumption to set forth facts in controversy supporting a finding of the jurisdictional minimum, MNA's assumption still fails because it does not constitute "summary judgment-type evidence" to satisfy its burden.

been met. (Doc. 15, p. 4–6). The Magistrate Judge previously found that Defendants "submit[ted] no evidence to substantiate their argument that the Plaintiff's claim for attorney fees in this case meets the requisite amount in controversy, merely stating 'it is very likely that the attorney fees alone in this proceeding could satisfy the amount in controversy threshold.'" (Doc. 14, p. 5).

To show that attorney's fees will likely exceed the jurisdictional threshold, MNA presents new evidence for the first time in its Objection—a 2018 Declaration submitted by an attorney previously employed by Plaintiff Counsel's law firm, filed in support of a motion for costs and fees in an unrelated copyright infringement case, in a different District, the Eastern District of Louisiana. (Doc. 15-1). Because this Declaration was not filed with MNA's original briefing, the Court must determine whether consideration of new evidence submitted after the issuance of the Report is appropriate in this matter. *Taylor v. Lollis*, No. CV 19-200-JWD-SDJ, 2021 WL 4077945, at *1 (M.D. La. Sept. 8, 2021). The Court has explained:

> With respect to the evidence submitted by the Plaintiff after the issuance of the Report, the Court is not obligated to consider that evidence, nor is it required to exclude that evidence from consideration. The Court has the discretion to determine whether the evidence should be considered. In determining whether to consider the evidence presented after the issuance of the Report and Recommendation, the Court should make similar considerations as it makes when determining whether to grant a Rule 59(e) motion to alter or amend a judgment. The factors to consider in exercising this discretion include "(1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party when it responded to the summary judgment motion;

4

and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted."

*Id.*

Here, the factors indicate that the Court should not consider the new evidence. MNA does not provide any reason as to why it was unable to present the Declaration prior to the issuance of the Report. *See id.* The Declaration is dated in 2018, and thus, was available to MNA before the Motion to Remand was filed. *See id*; (Doc. 15-1). Additionally, the Declaration presents information regarding attorney's fees and costs in an unrelated case, on an unrelated copyright infringement issue, from an attorney who is no longer employed by Plaintiff Counsel's law firm. (Doc. 15-1). Accordingly, the Court doubts the importance of the Declaration to MNA's argument. *See Taylor*, 2021 WL 4077945, at \*1. Because the evidence appears to have been available prior to the deadline to respond to the Motion to Remand, the evidence should not be considered. *See id.* (internal citations omitted). After disregarding MNA's newly presented evidence, the Court has no summary judgment-type evidence before it to sustain MNA's objection.[3]

Finally, MNA argues that "Plaintiff's refusal to stipulate to a $75,000 damage and attorneys' fee cap demonstrates that Plaintiff is seeking damages and attorneys' fees greater than $75,000." (Doc. 15, p. 6). As the Magistrate Judge found:

---

[3] The Court notes that even if it were to consider the Declaration at issue, the outcome would be the same. The Court is unpersuaded by this newly offered evidence, which appears to have no bearing on the instant case.

> [T]here is ample authority that while refusal to stipulate is entitled to some consideration, it is not dispositive of amount in controversy. *See, Johnson v. Petsmart, Inc.*, 2017 WL 360265, at *5 (E.D. La. Jan. 25, 2017); *Aldrich v. DBP Holding Corp.*, 2014 WL 2215707 (E.D. La. May 28, 2014) (plaintiff's failure to stipulate damages 'is not conclusive evidence that a claim exceeds $75,000'); *see also Carbajal v. Caskids Oil Operating Co.*, 2006 WL 1030392 (E.D. La. Apr. 18, 2006); *Buchana v. Wal-Mart Stores, Inc.*, 1999 WL 1044336 at *3 (E.D. La. Nov. 17, 1999) ('Although some courts have considered failure to stipulate in deciding whether to remand, courts in this district and others have found that factor alone does not satisfy a defendant's burden.').

(Doc. 14, p. 6). After finding Defendants' previous arguments unpersuasive, the Court finds that Plaintiff's refusal to stipulate alone is insufficient to satisfy Defendants' burden of proof.

Because the removal statute is strictly construed "and any doubt as to the propriety of removal should be resolved in favor of remand," the Court will adopt the Magistrate Judge's Report and Recommendation and grant Plaintiff's Motion to Remand.[4] *Zito*, 2019 WL 2396176, at *6.

Having carefully considered the underlying Petition, the Motion at issue, and related filings, the Court **APPROVES** the Magistrate Judge's Report and Recommendation, and **ADOPTS** it as the Court's opinion herein.

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion to Remand (Doc. 5) is GRANTED**.

---

[4] OTRUSA's Objection does not persuade otherwise, which merely reiterates that "the amount of damages sought and exposure to statutory attorney fees meets the federal amount in controversy of $75,000." (Doc. 16).

6

**IT IS FURTHER ORDERED** that the above-captioned action be and is **REMANDED** to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, for lack of subject matter jurisdiction.

Baton Rouge, Louisiana, this 27th day of January, 2022

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**